IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAMIRO AND JO ANN VALDEZ | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-988 |
| | § | |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Ramiro and Jo Ann Valdez v. Nationwide General Insurance Company*; Cause No. 2017CI15997, in the 408th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1.  Plaintiffs Ramiro and Jo Ann Valdez (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2017CI15997, in the 408th Judicial District of Bexar County, Texas on August 24, 2017 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2.  Defendant appeared and answered on September 29, 2017, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3.  Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 408th Judicial District of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

7. Plaintiffs are domiciled in Bexar County, Texas. *See* **Exhibit A**, ¶ 1. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

10. Plaintiffs' Original Petition states that Plaintiffs seek monetary relief "in excess of $200,000 but not more than $1,000,000." *See* Plaintiffs' Original Petition, **Exhibit A**, ¶ 48. The

threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

11.     Plaintiffs further seek compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) pre and post-judgment interest, and (5) attorney's fees. *See* **Exhibit A**. Plaintiffs have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 24; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page)*

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 4th day of September, 2017.

| | |
|---|---|
| Preston J. Dugas, III<br>Preston Dugas Law Firm, PLLC<br>Oil & Gas Building<br>309 W. 7th Street, Suite 1100<br>Fort Worth, Texas 76102<br>preston@pjdlawfirm.com | ***9414 7266 9904 2061 9335 44*** |
| Marc K. Whyte<br>Whyte PLLC<br>1045 Cheever Blvd., Suite 103<br>San Antonio, Texas 78217<br>mwhyte@whytepllc.com<br>jsaenz@whytepllc.com | ***9414 7266 9904 2061 9335 68*** |

*/s/ Patrick M. Kemp*
Patrick M. Kemp

4