# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 17108872
Date Processed: 09/07/2017

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Cassandra Struble<br>Kevin Jones<br>Joshua Schonauer |
| Entity: | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| Entity Served: | Nationwide General Insurance Company |
| Title of Action: | Ramiro Valdez; Jo Ann Valdez vs. Nationwide General Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Bexar County District Court, Texas |
| Case/Reference No: | 2017CI15997 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/06/2017 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Preston Dugas Law Firm, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Case Number: 2017-CI-15997**

**RAMIRO VALDEZ ET AL**

**vs.**

**NATIONWIDE GENERAL INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** NATIONWIDE GENERAL INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 24th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 31ST DAY OF August A.D., 2017.

PRESTON J DUGAS III
ATTORNEY FOR PLAINTIFF
309 W 7TH ST 1100
FORT WORTH, TX 76102



Donna Kay M<sup>c</sup>Kinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Maria J Abilez*, Deputy

---

RAMIRO VALDEZ ET AL
vs
NATIONWIDE GENERAL INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15997
Court: 408th Judicial District Court

Came to hand on the 31st day of August 2017, A.D., at 10:50 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by deilvering to: _____ at 211 E 7TH ST 620 AUSTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION.

Cause of failure to execute this Citation is _____.

Donna Kay M<sup>c</sup>Kinney
Clerk of the District Courts of
Bexar County, TX
By: *Maria J Abilez*, Deputy

ORIGINAL (DK003)

FILED
8/24/2017 3:18 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:17-cv-00988-FB-RBF   Document 1-1   Filed 10/04/17   Page 4 of 18

CITCML

CAUSE NO. 2017CI15997

| | | |
|---|---|---|
| RAMIRO AND JO ANN VALDEZ, <br> Plaintiffs, | § § § | IN THE DISTRICT COURT |
| vs. | § § § | 408 JUDICIAL DISTRICT |
| NATIONWIDE GENERAL INSURANCE COMPANY, <br> Defendant. | § § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**RAMIRO AND JO ANN VALDEZ**, Plaintiffs herein, files this their Original Petition against Defendant, **NATIONWIDE GENERAL INSURANCE COMPANY**, and, in support of their causes of action, would respectfully show the Court the following:

### I.   PARTIES

1.   Plaintiffs resides and/or owns the property made the basis of this suit in Bexar County, Texas. Said property is located at: 43 Campden Circle, San Antonio, Texas 78218.

2.   **NATIONWIDE GENERAL INSURANCE COMPANY** ("Nationwide") is a foreign entity authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701-3218**. Service is requested by certified mail, return receipt requested at this time.

### II.   DISCOVERY

3.   Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### III.   CLAIM FOR RELIEF

4.   Plaintiffs do not wish to impose any limit on what they may present to the jury or what the jury may consider as a range of damages in this case; however, it makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration.

1

Plaintiffs believe that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief in excess of $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiffs to select a speculative, arbitrary cap on its damages. Plaintiffs reserve the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled. Regardless of what Plaintiffs must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), they desire to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### IV.   JURISDICTION AND VENUE

5.   This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.   Venue is proper in Bexar County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

### V.   FACTUAL BACKGROUND

7.   Plaintiffs are a named insured under a property insurance policy issued by Defendant.

8.   On or about April 12, 2016, a storm hit Bexar County, Texas damaging Plaintiffs' house and other property. Plaintiffs subsequently filed a claim on their insurance policy.

9.   Defendant assigned adjuster, James McHale to the claim. Mr. McHale is not a licensed adjuster in the State of Texas.

10.   Defendant then, based on McHale's opinion improperly denied and/or underpaid the claims.

11.   The named Defendant and its unlicensed adjuster assigned to the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include

all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

12. The named Defendant and its adjusters' unreasonable investigation led to the underpayment and/or no payment of Plaintiffs' claim.

13. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

## VI.   CAUSES OF ACTION

14. Each of the foregoing paragraphs is incorporated by reference in the following:

### A.   Breach of Contract

15. Defendant had a contract of insurance with Plaintiffs. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

### B.   Prompt Payment of Claims Statute

16. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17. Plaintiffs, therefore, in addition to Plaintiffs' claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.   Bad Faith/DTPA

18. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19. Defendant violated § 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

20. Defendant violated § 541.060 by:

    (1) misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21. Defendant violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

22. At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from Defendant.

23. Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendant failed to disclose information concerning goods or services which

4

was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24. Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.   Breach of The Duty of Good Faith and Fair Dealing**

25. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying and/or delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear. Defendant, is therefore liable to Plaintiffs.

**E.   Attorneys' Fees**

26. Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred

in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VII.   CONDITIONS PRECEDENT

29. All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendant.

## VIII.   DEMAND FOR JURY

30. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.   DISCOVERY REQUESTS

31. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761

Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:  (210) 562-2888
Facsimile:  (210) 562-2873
Email: mwhyte@whytepllc.com

By:/s/*Marc Whyte*
Marc Whyte
State Bar No. 24056526

**ATTORNEYS FOR PLAINTIFFS**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through his attorneys of record, Preston J. Dugas III, Preston Dugas Law Firm, PLLC; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Preston Dugas Law Firm, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of

8

interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

J. "Lawsuit" means this lawsuit.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Facsimile:   (210) 562-2873
Email: mwhyte@whytepllc.com

By:/s/*Marc Whyte*
Marc Whyte
State Bar No. 24056526

**ATTORNEYS FOR PLAINTIFFS**

**INTERROGATORIES TO DEFENDANT**

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to

9

Defendant.

ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

### REQUESTS FOR PRODUCTION TO DEFENDANT

1. The following insurance documents issued for the Property as identified in the Petition:

    a. the policy at issue for the June 2017 wind/hail storm as identified in the Petition; and

    b. the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

11

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of these types of claims, i.e., hail property damage.

RESPONSE:

7. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9. A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

12

RESPONSE:

12. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims occurring in the county of suit on or about the June 2017 claimed by Plaintiff(s).

RESPONSE:

14. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

15. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiffs and Defendant, and any of Defendant's agents.

RESPONSE:

**FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT**

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiffs' claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiffs' claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

13

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No: 24050189

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Facsimile:   (210) 562-2873
Email: mwhyte@whytepllc.com

By:/s/*Marc Whyte*
Marc Whyte
State Bar No. 24056526

**ATTORNEYS FOR PLAINTIFFS**



**OFFICE OF STAFF ATTORNEY**
100 DOLOROSA
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205

7016 2070 0000 7520 3224

U.S. POSTAGE >> PITNEY BOWES
ZIP 78207 $ 006.98
02 4W
0000350844 SEP. 01. 2017

NATIONWIDE GENERAL INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E. 7TH ST. 620
AUSTIN, TX 78701-3218

2017CI15997  8/31/2017  CITCM  MARIA J ABILEZ

7870183218 C015